IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL C. KING (#211954), ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-0194 |
| ) | |
| WARDEN JAMES HOLLOWAY, ) | Judge Campbell |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Michael C. King, a state prisoner incarcerated at the West Tennessee State Penitentiary, has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241, asserting that he is being held in custody beyond his release eligibility date (ECF No. 1).

The habeas petition is before the Court for an initial review. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny a petition if it plainly appears that the petitioner is not entitled to relief. *See Alexander*, 419 F. App'x at 545 ("[U]nder § 2243, the district court has a duty to screen out a habeas corpus petition which is meritless on its face." (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970))). At this stage, the Court must accept the petitioner's factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because the petitioner lacks counsel, the Court must also evaluate his claims leniently. *Id.*

The petitioner alleges that he was convicted of first-degree murder in the Criminal Court of Cheatham County, Tennessee in 1992. He was sentenced to life with the possibility of parole. He claims that he is eligible for parole because he has served more than half of his sentence (24 years plus good time credits) but that the Tennessee Department of Corrections (TDOC) maintains that he is not eligible for parole until after he has served 35 years. He asserts that TDOC is wrongfully disregarding state law and policy regarding the calculation of his release eligibility date, specifically Tenn. Code Ann. §§ 40-35-501 and 40-28-115. The petitioner also asserts that TDOC's failure to abide by state law renders his "time illegal, void on its face" and that the conviction must be "set aside and vacated." (ECF No. 1, at 2.) He further insists that there is no state-court remedy available for exhausting his claim because TDOC has altered the judgment

against him by "fixing a set time" for his release date, and that TDOC does not have the authority to do that. (*Id.* at 2–3.)

The petitioner's claim that there is no state-court remedy available to him is patently incorrect as a matter of law. The Tennessee Supreme Court recently confirmed the process available to a state inmate who seeks to challenge his release eligibility date:

> We clarify that the Uniform Administrative Procedures Act ("UAPA") governs an inmate's challenge to the Tennessee Department of Correction's ("TDOC") calculation of a release eligibility date. *See* Tenn. Code Ann. §§ 4-5-101 to -325 (2011). Under the UAPA, an inmate must request a declaratory order from TDOC before filing a declaratory action in court. Tenn. Code Ann. § 4-5-225(b).

*Stewart v. Schofield*, 368 S.W.3d 457, 459 (Tenn. 2012); *see also id.* at 464 ("An inmate dissatisfied with TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply with the procedures of the UAPA." (citations omitted)). The *Stewart* opinion goes on to specifically outline the procedure an inmate must follow. *Id.* at 464–65.

Because it is clear from the face of the petition that the petitioner failed to exhaust his state remedies, this action will be dismissed without prejudice for failure to exhaust.

An appropriate order is filed herewith.

_____
TODD CAMPBELL
United States District Judge